

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-6-2007

# Pettijohn v. Green

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3999

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Pettijohn v. Green" (2007). *2007 Decisions*. Paper 471.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/471

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3999
_____

ELWOOD L. PETTIJOHN,
Appellant

v.

G. MICHAEL GREEN, D.A. OFFICE;
SHELDON KOVACH, ASST. D.A.
IN HIS OFFICIAL CAPACITY

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 05-cv-02598)
District Judge: Honorable Marvin Katz
_____

Submitted Under Third Circuit LAR 34.1(a)
September 5, 2007
BEFORE: RENDELL, HARDIMAN and COWEN, CIRCUIT JUDGES

(Filed September 6, 2007)
_____

OPINION
_____

PER CURIAM

Appellant, Elwood Pettijohn, proceeding pro se, appeals from the District Court's

orders denying his motion pursuant to Fed. R. Civ. P. 60(b) and denying his motion for

reconsideration pursuant to Fed. R. Civ. P. 59. For the reasons that follow, we will

affirm.

Appellant filed a civil rights complaint, requesting an injunction ordering the Appellees to turn over two photographs, which Appellant alleges were unconstitutionally withheld from him during his trial in 1988. The District Court dismissed the complaint for failure to pay the filing fee, and, in the alternative, dismissed the complaint as frivolous. Appellant appealed. We dismissed the appeal for lack of jurisdiction because the notice of appeal was untimely. C.A. No. 05-3588. Thereafter, Appellant filed a motion pursuant to Fed. R. Civ. P. 60(b), claiming that the District Court's Clerk's Office had mistakenly returned his filing fee to him instead of applying it toward his action. After reviewing Appellant's motion and Appellees' response in opposition, the District Court denied Appellant's motion. Thereafter, Appellant filed a motion for reconsideration of the order denying his Rule 60(b) motion, which the District Court also denied.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's order denying relief under Rule 60(b) is abuse of discretion. Harris v. Martin, 834 F.2d 361, 364 (3d Cir. 1987).

In his Rule 60(b) motion, Appellant asserts that he mailed the filing fee to the District Court, but that the Clerk's Office returned the fee to him because it was the wrong amount. Appellant asserts that he submitted the correct filing fee and that the District Court's Clerk's Office erred in thinking that the filing fee was for an appeal. Appellant's motion also asserts that his claims were not frivolous, and, therefore, his

2

action should not have been dismissed.

Regardless of whether the District Court mistakenly dismissed the complaint for Appellant's failure to pay the filing fee, relief under Rule 60(b) was not justified. Appellant's complaint seeks an injunction ordering the Appellees to turn over two photographs that were not produced at his criminal trial in 1988. Appellant alleges that the Appellees, by withholding the evidence, violated his constitutional right to due process by depriving him of the "opportunity to make a conclusive showing of actual innocence . . ." (Appellant's Compl. 5).

Appellant has already unsuccessfully raised this constitutional claim in a prior habeas proceeding. E.D. Pa. Civ. No. 99-cv-5225. Furthermore, in Appellant's habeas proceeding, he filed a motion for discovery requesting the two photographs, which the District Court denied. Id. We reviewed Appellant's habeas claims and declined to issue a certificate of appealability. C.A. 00-1316. Because Appellant's action is seeking to challenge the same constitutional claim from his previous habeas proceeding, i.e., whether the Appellees' violated his Due Process right by failing to produce the two photographs, the District Court should have construed his action as a second or successive habeas petition. See 28 U.S.C. § 2244. Appellant has not received permission from this Court to file a second or successive habeas petition. § 2244(3)(A). Accordingly, the District Court lacked jurisdiction to consider Appellant's action and did not abuse its

3

discretion in denying Appellant's Rule 60(b) motion.[1]

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[1] To the extent that a certificate of appealability ("COA") would be required for this appeal, we would decline to issue a COA for the reasons stated herein. See 28 U.S.C. § 2253(c).

4